In the Matter of FRANCIS EVERY, Petitioner, and HARVEY L. EVERY, an Infant, Appellant, against COUNTY OF ULSTER, Respondent.

Third Department, May 7, 1952.

*John A. Bonomi* for appellant.

*Frederick H. Stang, County Attorney (Arthur A. Davis, Jr.,* of counsel), for respondent.

*Per Curiam.* The infant claims to have been injured on July 23, 1950, due to the negligence of the county. He was then eighteen years old. On July 18, 1951, he moved to obtain leave to serve the notice of claim in pursuance of subdivision 5 of section 50-e of the General Municipal Law. The County Court denied the application.

The ninety-day period in which claims are required to be filed had then long expired, but the one-year period in which application for such leave to extend the time must be made had not expired. The decision of the court was based on the ground neither infancy nor mental or physical incapacity had been shown to have caused the failure to serve a notice of claim on time.

A serious physical injury to an infant has usually been regarded as a sufficient ground to extend the time for such service. Even though an infant is mature he is not held to quite the same level of responsibility to see and retain counsel and get his claim served which would apply to an adult.

A disability may arise in a legal sense from infancy which is not literally due to the limitations of understanding or action common to very small children. There are many residual and continuing restrictions upon the freedom of legal action which hang on until maturity is reached. What is a disability due to infancy in its relation to a failure to serve a legal notice on time is a question that ought to be approached liberally.

In this case the infant had a brain operation after the accident. He has made good progress, but in July, 1951, he still had a " left hemiplegia and some upper motor neurone involvement of the right lower extremities."

In the spring of 1951 he had bladder surgery and had a residual bladder condition both directly related to the accident. We think the case is one in which leave to the infant to file the claim should be granted.

The order so far as appealed from should be reversed and the motion by the infant granted, with $10 costs.

Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.

Order so far as appealed from reversed, and the motion by the infant granted, with $10 costs.