In the Matter of MELVILLE M. BOOKHOUT, SR., Respondent, against CENTRAL SCHOOL DISTRICT NO. 2 OF THE TOWNS OF GUILDERLAND, BETHLEHEM AND NEW SCOTLAND, Appellant.— Appeal from an order of the Supreme Court at Special Term in Schenectady County, which granted claimant's motion for leave to file a notice of claim after the time had expired under section 50-e of the General Municipal Law. It is alleged that claimant sustained personal injuries on October 20, 1952, when his car was struck from the rear by a school bus owned by appellant. The motion was made on the ground that claimant could not file his notice of claim within the ninety-day period because of disability. The attorney for claimant wrote a letter dated October 22, 1952, to "Guilderland Central School" regarding the accident. Claimant voted at the election held on November 4, 1952. On January 21, 1954, a bare summons was served, apparently on behalf of claimant's attorney, incorrectly designating the defendant as "Guilderland Central School". A motion for leave to file a notice of claim against such designated defendant was dismissed for lack of jurisdiction, and subsequently the motion resulting in the order on appeal was made. Appellant contends that the conduct above-mentioned demonstrates that claimant was not disabled during the ninety-day period. It does not appear that claimant personally directed or authorized the letter or the service of the summons. It appears that the letter written by claimant's attorney was written at the request of claimant's wife, made over the telephone. The affidavit of claimant's attending physician, after relating the nature of claimant's injuries, states: "That claimant to my knowledge was confined to his home in view of his condition between the time of the accident and up to January 31, 1953. That as a result of said injuries said Melville M. Bookhout, Sr., was caused to suffer great pain and suffering, which caused him to be irrational, disorientated and unstable and said conditions would prevent him from protecting his legal rights during said time". The order was discretionary and, upon this state of the record, we may not say that the court at Special Term abused the discretion. (*Matter of Sullivan* v. *City of Watervliet,* 282 App. Div. 1097; *Matter of Colehamer* v. *City of Albany,* 276

App. Div. 809; *Matter of Cummings* v. *City of New York,* 280 App. Div. 775.) Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.