■ In the Matter of ANGELO MANICCIA, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.— This is a proceeding under article 78 of the Civil Practice Act to review the determination of the State Liquor Authority which suspended petitioner's restaurant liquor license for a period of 45 days, 20 days to be served forthwith, and the balance suspended. Two charges were made against petitioner: one that he violated subdivision 1 of section 65 of the Alcoholic Beverage Control Law during the months of August and September, 1954 in that he sold, delivered or permitted to be sold and delivered alcoholic beverages to a minor or minors; the second charge is substantially the same except the date of the violation was charged as of March 13, 1955. An exhaustive hearing was held and at the conclusion thereof both charges were sustained. The only issue before this court is whether there was substantial evidence to sustain the determination. This matter was before this court on a previous review (3 A D 2d 798), and remitted for a further hearing because of restriction of petitioner's right of cross-examination. We find no such vice in the present record. As we read the record the testimony of the minors themselves, if accepted by the hearing commissioner, was sufficient to sustain both charges. While there are discrepancies in their testimony it was for the administrative hearing officer to pass upon the credibility of the witnesses (*Matter of Radigan* v. *O'Connell*, 304 N. Y. 396). The chief point of petitioner appears to be that no direct sale or delivery was made to any of the minors under 18 years of age, excepting one Riley. The statute however provides " No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverage to 1. Any minor, actually or apparently under the age of eighteen years ". (Alcoholic Beverage Control Law, § 65.) The fact that one person purchased an unusually large quantity of beer in bottles should have been sufficient to put the person in charge of the premises on notice that the beer was not intended for consumption alone by the one making the purchase. Any inquiry on his part might readily have disclosed that some of the beer was intended for, and in fact consumed by minors in the party. Petitioner is bound by the rule that wherever reasonable supervision by oneself or one's agent would discover and prevent a violation, the party charged is bound to exercise such supervision (*Matter of Lynch's Bldrs. Restaurant* v. *O'Connell*, 303 N. Y. 408; *People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25). These matters of course relate to the weight of evidence which it is not for this court to pass on. On the former appeal we said " Here, the evidence which the Authority was entitled to accept was sufficient to warrant the conclusion that the licensee knew or should have known, had reasonable diligence been exercised, that beer was being delivered to the girls." We see no reason to alter this conclusion from the record before us on this review, nor can we find that the proceedings were conducted in an improper manner. The penalty imposed, which in reality amounts to a suspension for 20 days was not excessive. Determination confirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of CLIFFORD V. OSBORN et al., Respondents, against BOARD OF EDUCATION OF MARATHON CENTRAL SCHOOL DISTRICT No. 1 OF FREETOWN, LAPEER, VIRGIL, HARFORD, MARATHON, WILLETT AND CINCINNATUS, IN CORTLAND COUNTY, AND LISLE, IN BROOME COUNTY, et al., Appellants.— Appeal from an order of the County Court of Cortland County which granted a motion by claimants, an infant and his father, for permission to file late notice of claims pursuant to subdivision 5 of section 50-e of the General Municipal Law. The infant, 15 years of age, was injured while operating an electric drill press in a shop maintained by the appellant Board of Education for purposes of instruction. He was immediately treated by the school nurse

and the school physician. Twelve days after the accident both claimants were interviewed by a representative of appellants' insurance carrier. Appellants contend that the motion on behalf of the infant was improperly granted because there was no proof of any disability related to infancy. In reversing an order denying the motion of an 18-year-old infant for permission to file a late claim, we said, "A disability may arise in a legal sense from infancy which is not literally due to the limitations of understanding or action common to very small children." (*Matter of Every* v. *County of Ulster*, 280 App. Div. 155, 156, reversed and remitted for determination of the questions of fact 304 N. Y. 924, facts found and motion granted 281 App. Div. 1060.)   We had previously construed the provision of the statute with reference to disability as meaning "that where the delay in filing was reasonably attributable in any substantial degree to the fact of infancy the courts might grant relief". (*Matter of Hogan* v. *City of Cohoes*, 279 App. Div. 282, 285.)   In *Schnee* v. *City of New York* (285 App. Div. 1130, affd. 1 N Y 2d 697) relied upon by appellants, it affirmatively appeared that the delay on the part of the infant, "a mature girl of almost twenty years" was due to particular reasons in no way related to her infancy. The cases decided in the First and Second Departments, upon which appellants also rely, gave effect to a construction of the statute more narrow than ours and one which we have declined to follow. A more liberal interpretation now obtains in the Second Department (*Biancoviso* v. *City of New York*, 285 App. Div. 320.)   The order was properly granted with respect to the infant's claim. Upon the application with respect to the derivative claim of the father, it was shown that his wife was seriously ill at the time of the accident and died two weeks later and that as a result, and while he was under the necessity of caring for his three children and burdened with his own work, he became distraught and took no timely action to obtain legal advice or to file a claim. The fact that certain assurances allegedly made to him by the board's insurance carrier may have been an additional reason for his inaction does not detract from the legal effect of whatever incapacity existed. That emotional tension and mental distress may exist in such degree as to constitute mental incapacity within the contemplation of subdivision 5 of section 50-e may not be doubted. The County Court's finding and resultant order were within the limits of its discretion. (See *Matter of Bookhout* v. *Central School Dist.*, 284 App. Div. 995; *Matter of Sullivan* v. *City of Watervliet*, 282 App. Div. 1097; *Matter of Colehamer* v. *City of Albany*, 276 App. Div. 809.)   Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.