■ In the Matter of JEAN T. CLARK, as Mother and Natural Guardian of HARRY TUCKER, an Infant, Respondent, et al., Petitioner, v. MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant.— Order entered June 16, 1969, which on reargument granted leave to file a late notice of claim pursuant to section 50-e of the General Municipal Law on behalf of the infant claimant, unanimously reversed on the law and the facts, without costs and without disbursements, and leave denied. Although the infant claimant was 15 years old at the time of the accident on March 4, 1968, it appears that an attorney was retained on March 21, 1968, long before the expiration of the statutory period fixed for service of a notice of claim. The failure to serve a timely notice may therefore be said to be attributable to the inadvertence of counsel. It has been held in this department that such failure is not "by reason of" the disability of infancy — the standard set by the language of subdivision 5 of section 50-e of the General Municipal Law. (See *Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680; *Matter of Shankman* v. *New York City Housing Auth.*, 21 A D 2d 968, affd. 16 N Y 2d 500; *Matter of Biberias* v. *New York City Tr. Auth.*, 33 A D 2d 671.) Furthermore, it is noted that the motion for reargument was made on March 14, 1969, which was more than one year after the happening of the accident (see *Narciso* v. *City of New York*, 20 A D 2d 647). Under all the circumstances in this case, we conclude that it was improper to grant an extension of the statutory period to file the notice of claim on behalf of the infant. Concur — Eager, J. P., Markewich, Tilzer and Bastow, JJ.