In the Matter of GEORGE REYNOLDS, Respondent v. GREECE CENTRAL SCHOOL DISTRICT NUMBER ONE, Appellant.— Memorandum: From the affidavits submitted on the motion it appears that claimant, an adult employed in removing drapes at the Greece Central School District High School, was injured on October 14, 1969 when a weight struck him on the head causing brain damage, resulting in partial paralysis and confusion such that he was hospitalized from the day of the accident until December 5, 1969 when he was transferred to Marcy State Hospital where he is presently confined. Two medical affidavits establish that claimant has been totally disabled from the time of the accident. The affidavit opposing the motion reveals that an attorney wrote to the Superintendent of Schools on December 16, 1969 stating that his firm " represents the Reynolds family ", referring to the accident of October 14, 1969 in which George Reynolds was critically injured while doing some work on the curtains in the Olympia High School, and requesting names and addresses of the president and members of the Board of Education and of the clerk, as well as of the District's business manager and liability carrier. This information was furnished to the attorney by letter dated December 18, 1969. Defendant appeals from the order granting an application made by service of notice

of motion on or about July 1, 1970 and predicated on a finding by Special Term that claimant had been unable to comply with the provisions of section 50-e of the General Municipal Law "Due to his physical and mental incapacity". It asserts that, because claimant's wife, who is making the present application on behalf of claimant, was under no disability and because an attorney was acting on the matter within the 90-day time for filing the notice of claim, the court erred in permitting the late filing. The fact that claimant's wife was well and able is not a basis for reversing the discretionary order of Special Term. (*Matter of Rosenberg* v. *City of New York*, 309 N. Y. 304, 307.) Furthermore, the fact that an attorney had been retained prior to the lapse of the 90-day filing period does not in and of itself compel a holding that claimant's disability was not a cause of the failure to file. Speaking to this question, the Court of Appeals has recently said: "In respect of applications of this nature [for leave to file a late notice], we have consistently affirmed the exercise of discretion upon proper proof; and in cases in which an attorney had been retained prior to the expiration of the period for filing, we have in some instances sustained the granting of permission and in others have affirmed the denial thereof, as the particular record warranted." (*Matter of Biberias* v. *New York City Tr. Auth.*, 27 N Y 2d 890, 891-892.) Instances in which leave to serve late notice has been granted despite engagement of an attorney in the 90-day period are to be found in *Natoli* v. *Board of Educ. of City of Norwich*, (303 N. Y. 646); *Kern* v. *Central Free School Dist. No. 4* (25 A D 2d 867); *Matter of Klee* v. *Board of Coop. Educational Servs.* (25 A D 2d 715); *Matter of Bookhout* v. *Central School Dist. No. 2* (284 App. Div. 995); *Matter of Perry* v. *Board of Educ.* (34 A D 2d 1089). The statement in *Matter of Pandoliano* v. *New York City Tr. Auth.* (17 A D 2d 951) affirming permission to file a late claim granted to a 15-year-old infant is appropriate: "While initially the error in serving the notice was made by the attorney, nevertheless, basically such error was also attributable, whether in greater or lesser degree, to the disabilities and limitations incident to the infant's infancy. In the exercise of a proper discretion, it is fair to conclude that the infant here may well have become alerted to the attorney's initial inadvertence and that he (the infant) would have caused a timely notice to be served on the proper party—if not for his lack of maturity, knowledge and understanding, and if not for the natural disabilities and limitations inherent in his infancy." In the present case claimant has been mentally disabled from the time of the accident. Certainly, Special Term might well have concluded that but for this disability he might have become aware of his attorney's neglect and served timely notice of claim. (Appeal from order of Monroe Special Term granting motion to file notice of claim.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ.