Scileppi, J.
The City of New York appeals, pursuant to leave of this court, from an order of the Appellate Division, Second Department, affirming an order of the Supreme Court, Queens County, which granted the infant claimant permission to file a late notice of claim in his action against the city for alleged medical malpractice arising out of treatment at a city hospital.
As a result of injuries sustained while motorcycling, George Murray, a 19-year-old, was admitted to the City Hospital Center, Elmhurst, for emergency treatment on July 7, 1&66. Open reduction surgery was performed after an initial period in traction had failed to correct a diagnosed fracture of the mid-shaft of the right femur. Postoperative complications in the nature of severe infection and draining developed at the surgical site, resulting in an osteomyelitic condition. After a nine-week confinement, claimant was signed out of the hospital, apparently against his doctor’s advice, on September 17,1966 and admitted to St. Luke’s Hospital, where after diagnosis and treatment he was discharged as “ improved ” within the week.
The basis of the claim against the city is the hospital’s alleged malpractice in proceeding as it did when surgery was contraindicated by culture studies of lacerations in and about the area of the fracture which disclosed positive evidence of infection. This application for leave to serve a late notice of claim, brought *116 on some six months after the expiration of the 90-day period prescribed by section 50-e of the General Municipal Law and a full nine months after the infant’s discharge from the city hospital, is predicated upon the claimant’s infancy and a correlative failure to discover the alleged malpractice prior to the tolling of the statutory period. The city, contesting the application for leave, notes that the infant had retained counsel in a related matter (the accident claim) as early as October 20, 1966, or well within the statutory period, and argues that the failure to serve timely notice of the claim is thus attributable to the attorney’s failure to uncover evidence of the hospital’s alleged negligence and not to the statutory disability. Since no direct causal relation has been established between the fact of infancy and the conceded delay, the granting of leave to serve notice of claim is said to have constituted an improvident exercise of discretion and we are urged to reverse the order appealed from and deny the relief requested. On the basis of the present record, we cannot say that the courts below have abused their discretion as a matter of law, and the order appealed from should be affirmed.
By the very terms of the statutory mandate, the fact of infancy alone is insufficient to relieve a prospective litigant from the consequences of his default in serving a timely notice of claim. The delay must further be the product of the infancy itself and absent such a showing, the claim will be barred (General Municipal Law, § 50-e, subd. 5). The fact of the prescribed nexus between disability and delay, however, has been the subject of differing approaches among and within the various judicial departments. Generally, the First Department, holding to a strict and literal construction of section 50-e, has required that causation be factually demonstrated (see, e.g., Matter of Shankman v. New York City Housing Auth., 21 A D 2d 968, affd. 16 N Y 2d 500; Matter of Biberias v. New York City Tr. Auth., 33 A D 2d 671, revd. and remitted for findings of fact 27 N Y 2d 890; Matter of Goglas v. New York City Housing Auth., 13 A D 2d 939, affd. 11 N Y 2d 680; Schnee v. City of New York, 285 App. Div. 1130, affd. 1 N Y 2d 697; Matter of Clark v. Manhattan & Bronx Surface Tr. Operating Auth., 34 AD 2d 770), while the remaining departments, with occasional *117 variation, have more typically tended to presume disability from the fact of infancy and have granted relief upon a showing that ‘ ‘ the delay in filing was reasonably attributable in any substantial degree to the fact of infancy ” (Matter of Hogan v. City of Cohoes, 279 App. Div. 282, 284-285 [3d Dept.]; see, also, Matter of Shane v. County of Albany, 20 A D 2d 746 [3d Dept.] ; Matter of Pandoliano v. New York City Tr. Auth., 17 A D 2d 951 [2d Dept.]; Matter of Wens v. Board of Educ., 16 A D 2d 930 [2d Dept.]; Matter of Abrusso v. City of New York, 10 A D 2d 638 [2d Dept.]; Biancoviso v. City of New York, 285 App. Div. 320 [2d Dept.]; Matter of Every v. County of Ulster, 280 App. Div. 155 [3d Dept.], revd. and remitted for findings 304 1ST. Y. 924, findings made and reversal adhered to 281 App. Div. 1060; but cf. Anderson v. County of Nassau, 31 A D 2d 761 [2d Dept.]; Matter of Weber v. New York City Tr. Auth., 28 A D 2d 685 [2d Dept.]; Matter of Nori v. City of Yonkers, 274 App. Div. 545 [2d Dept.], affd. 300 N. Y. 632).
This cleavage, with often divergent results, is perhaps best illustrated by those cases involving applications by infants whose parents have timely retained counsel but default occurs because of the neglect of counsel in filing the notice of claim. Acceding to a literal construction of the remedial provision, the First Department, absent an affirmative showing that the delay has been occasioned by the statutory disability, has invariably denied causative effect to the fact of infancy, holding the same more properly attributable to the inadvertence of counsel (Matter of Shankman v. New York City Housing Auth., 21 A D 2d 968, affd. 16 N Y 2d 500, supra; Matter of Goglas v. New York City Housing Auth., 13 A D 2d 939, affd. 11 N Y 2d 680, supra; Schnee v. City of New York, 285 App. Div. 1130, affd. 1 N Y 2d 697, supra; Matter of Ringgold v. New York City Tr. Auth., 286 App. Div. 806).
On the other hand, the Third Department, and somewhat more erratically the Second and Fourth Departments, despite the absence of a showing of some causal nexus, have refused to hold that neglect or laches of counsel must work a forfeiture of the infant’s rights under subdivision 5 where it may reasonably be inferred that the delay in any substantial degree is attributable to the fact of infancy (Kern v. Central Free School Dist. *118 No. 4, 25 A D 2d 867; Matter of Spanos v. Town of Oyster Bay, 23 A D 2d 881, affd. 16 N Y 2d 951; Matter of Esslie v. Central School Dist. No. 1, 20 A D 2d 748; Matter of Pandoliano v. New York City Tr. Auth., 17 A D 2d 951, supra; Biancoviso v. City of New York, 285 App. Div. 320, 324-325, supra; Matter of Every v. County of Ulster, 280 App. Div. 155, supra). Characteristically, the infant’s age, physical and mental capacity have been deemed relevant considerations in assessing whether the disability has been a contributing factor to the delay or has precluded a thoughtful decision to assign the matter to counsel (Matter of Nori v. City of Yonkers, 274 App. Div. 545, affd. 300 N. Y. 632, supra; see, also, Russo v. City of New York, 258 N. Y. 344; Murphy v. Village of Fort Edward, 213 N. Y. 397; Matter of Goglas v. New York City Housing Auth., 13 A D 2d 939, dissenting opn., Eager, J., 939-940, affd. 11 N Y 2d 680, supra). And, absent any further details as to the capacity of a particular infant, the courts have distinguished between the applications of infants still within the more tender years, the “ middle years ” and those of riper age, endowed with ordinary physical and mental capacity, in determining whether late filing of a notice of claim would be sanctioned (Russo v. City of New York, 258 N. Y. 344, 348, supra; Matter of Hogan v. City of Cohoes, 279 App. Div. 282, 284, supra; Matter of Nori v. City of Yonkers, 274 App. Div. 545, affd. 300 N. Y. 632, supra). Only where the infant has attained the age, or has demonstrated a certain capacity whereby he may be said to have knowingly acted or refrained from acting, usually the ages of 18-20, will he be held strictly accountable for a failure to comply with the statutory directive, whether it be his neglect or that of his parents or retained counsel (see, e.g., Matter of Harden v. Village of Akron, 32 A D 2d 610, 611; Matter of Nori v. City of Yonkers, 274 App. Div. 545, affd. 300 N. Y. 632, supra; see, also, Matter of Negrone v. New York City Tr. Auth., 15 A D 2d 676; Matter of Bosh v. Board of Educ. of City of N. Y., 282 App. Div. 887).
As valuable as such indicia might be, their relevance must depend upon particular facts presented by each ease. So, despite an infant’s acknowledged maturity or educational attainments, consideration has also been given to his demonstrated *119 ability to appreciate the nature or extent of the injury incurred ; and, where it can reasonably be concluded that an adult, because of his generally more seasoned judgment, might have been more assiduous in confirming either the source or nature of the injury, leave has been granted to serve a late notice of claim (see, e.g., Matter of Smith v. Meadowbrook Hosp., 33 A D 2d 779; but cf. Schnee v. City of New York, 285 App. Div. 1130, affd. 1 N Y 2d 697, supra).
The thread of consistency binding these cases construing section 50-e together, resides, ultimately, in the fact that a determination as to the cognizable relation between infancy and the delay is a matter committed to the sound discretion of the court, to be exercised in light of all the facts and relevant circumstances in a given case (Matter of Pandoliano v. New York City Tr. Auth., 17 A D 2d 951-952, supra). Where satisfied that the court has acted within the perimeters of reason, we have consistently affirmed the exercise of discretion whether it has been invoked to sustain or deny grants of permission for late filing (see, e.g., Matter of Shankman v. New York Housing Auth., 16 N Y 2d 500, affg. 21 A D 2d 968, supra; Matter of Spcmos v. Town of Oyster Bay, 16 N Y 2d 951, affg. 23 A D 2d 881, supra; Matter of Goglas v. New York City Housing Auth., 11 N Y 2d 680, affg. 13 A D 2d 939, supra; Natoli v. Board of Educ. of City of Norwich, 303 N. Y. 646, affg. 277 App. Div. 915; cf. Matter of Biberias v. New York City Tr. Auth., 27 N Y 2d 890, revg. 33 A D 2d 671, supra). Affirmance, however, merely connotes our “ refusal to interfere with the lower courts’ exercise of their discretion on the facts presented in that case, [and] not * * * [our] * * * approval of the discretion thus exercised ” (Matter of Pandoliano v. New York City Tr. Auth., 17 A D 2d 951-952, supra).
Nor can we conclude that the courts below have presently exceeded the bounds of discretion in granting leave to serve a late notice of claim, although counsel was apparently retained on the accident claim as early as October 20, 1966, when a request for a hospital abstract was first made. As the affidavits in support of the motion for leave demonstrate, the abstract eventually forwarded was incomplete for its failure, either inadvertent or purposeful, to include reference to the culture studies. *120 True, the attorney could, and possibly should have pursued the matter further and corrected this initial oversight by a prompt, independent review of the hospital records. Yet, wherever the fault might lie, the result is the same, and it is the claimant who stands to suffer for the failings of others.
Under ordinary circumstances, however harsh the consequences, the law provides no relief from such misfeasance. Where, as here, however, it is reasonable to infer that the failure to correct counsel’s inadvertence may have been due to the child’s indecisiveness or failure to appreciate the prospect of the alleged malpractice, section 50-e provides that leave to file a notice of claim may be granted within a reasonable time. Arguably, because of the nature of the wrong, the situation would have been the same if the claimant were an adult. But that assumption leaves much to conjecture, for it is equally fair to conclude that the infant here may well have become alerted to the alleged wrongdoing, if not for his lack of maturity, experience and understanding. An infant of 19 may indeed lack the acumen to appreciate the source, or for that matter, the nature of the wrong allegedly perpetrated against him and, consequently, have been remiss in the proper assertion of his legal rights. The impediment may reasonably be presumed to attend infancy; there is no requirement that it be factually demonstrated (see Matter of Smith v. Meadowhrook Hosp., 33 A D 2d 779, affd. 26 N Y 2d 997, supra; Matter of Pandoliano v. New York City Tr. Auth., 17 A D 2d 951, supra). Under the circumstances, the fact of infancy may well have been an important factor in the failure to file a notice of claim. We cannot say that the court erred in permitting the late filing.
Accordingly, the order appealed from should be affirmed.