Memorandum. The order of the Appellate Division should be affirmed, with costs and disbursements awarded to the appellants. In view of the highly unusual procedural posture in which this appeal comes to us, particularly the fact that the appellants may have been misled by respondent’s failure clearly *142 to assert the timeliness issue until after the tort claim had been tried on the merits, in the exercise of our discretion, we deem it appropriate to assess costs and disbursements against the respondent School Board, the party prevailing on this appeal. (CPLR 8107.)
With respect to the merits of the appeal, we note that appellants ’ notice of claim was untimely served 92 days after the accident. (General Municipal Law, § 50-e; Pugh v. Board of Educ., 38 A D 2d 619, affd. 30 N Y 2d 968.) Belief from late filing is only available where a motion for such relief is made within one year after the happening of the event and prior to commencement of an action on the claim. (General Municipal Law, § 50-e, subd. 5.) Here, neither the one-year limitation nor the requirement that the motion' be made pretrial was observed and, accordingly, relief from late filing was unavailable. Nor may an accident report filed with the respondent by the school principal on the day after the accident or a letter of representation filed by appellants’ attorney with respondent’s insurance carrier one week thereafter, be treated as a defective or irregular notice of claim under the saving provisions of subdivision 6 of section 50-e. That subdivision deals only with inconsequential defects or irregularities, not pertaining to the manner or time of service, in otherwise sound notices of claim. The fact remains that these documents were not intended to be a notice of claim in which curable good faith mistakes or omissions were made. Moreover, it is not at all clear that they were served on the proper parties. (§ 50-e, subd. 3.) Finally, we agree with the Appellate Division that there being no factual basis in the record to find an estoppel, it was an abuse of discretion to grant a new trial on that issue.
In concluding, we cannot but remark that in this case the harshness of section 50-e is once again laid bare. But where the Legislature has decreed that, as a prerequisite to sue, a particular form of notice shall be conveyed with particular details to particular public officers, the courts lack the power to substitute something else. The need for legislative reconsideration of the harsher aspects of section 50-e is apparent (see Matter of Murray v. City of New York, 30 N Y 2d 113, 120, 121 [Breitbl, J., concurring]) in order that a more equitable balance may be *143 achieved between a public corporation’s reasonable need for prompt notification of claims against it and an injured party’s interest in just compensation.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur in the memorandum.
Order affirmed, etc.