■ JAMES C. BENDER, a Minor, by His Father, GERARD BENDER, et al., Respondents, v. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant, et al., Defendants.— In a negligence and medical malpractice action, defendant New York City Health and Hospitals Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated September 28, 1973, as granted the branches of plaintiffs' motion which sought leave to serve an amended notice of claim upon appellant and to strike the first affirmative defense contained in appellant's answer. Order reversed insofar as appealed from, without costs, and above-mentioned branches of plaintiffs' motion denied. Plaintiffs served their notice of claim upon the City of New York within 90 days after the claim in question arose. Over a year later they served a summons and complaint upon appellant based upon this claim. Appellant set up affirmative defenses, the first of which was that plaintiffs had failed to file a timely notice of claim with it. Plaintiffs then moved to serve a late notice of claim on appellant pursuant to subdivision 5 of section 50-e of the General Municipal Law, or, in the alternative, for leave to amend their notice of claim pursuant to subdivision 6 of that section of the General Municipal Law and, *inter alia,* to strike the first affirmative defense. Special Term granted those branches of plaintiffs' motion on the theory that timely service by plaintiffs of a notice of claim upon the City of New York constituted notice of the claim to appellant. Subdivision 2 of section 20 of the New York City Health and Hospitals Corporation Act (hereinafter called the Act [L. 1969, ch. 1016]) provides, insofar as is here pertinent, that in personal injury actions against appellant (the "corporation"), a notice of claim must be "filed with a director or officer of the corporation within ninety days after such cause of action shall have accrued." The corporation has been denominated a "public benefit corporation" separate and distinct from the City of New York (the Act, § 2). It has the power to sue and be sued (the Act, § 5, subd. 1). Service of a notice of claim upon the City of New York does not satisfy the specific statutory requirement set out above. Failure to serve such a notice in the manner and method prescribed by statute upon the person designated by law is a fatal defect. (*Matter of Moore* v. *New York City Housing Auth.,* 35 A D 2d 553; *Matter of Goglas* v. *New York City Housing Auth.,* 13 A D 2d 939; *Matter of Miller* v. *New York City Housing Auth.,* 7 A D 2d 922.) Latham, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.