36 N.Y.2d 776 (1975)
Sally Sherman, Individually and as Natural Guardian of Steven Sherman, Respondent,
v.
Metropolitan Transit Authority, Appellant.
Court of Appeals of the State of New York.
Argued February 10, 1975.
Decided March 26, 1975.
John G. de Roos and Helen R. Cassidy for appellant.
Ronald H. Mandel for respondent.
Chief Judge BREITEL and Judges JASEN, JONES, WACHTLER, FUCHSBERG and COOKE concur; Judge GABRIELLI dissents and votes to reverse in a separate opinion.
MEMORANDUM.
The order of the Appellate Division should be modified, without costs, in the following memorandum:
While a literal construction of section 50-e of the General Municipal Law would require a causal connection between the disability of the infancy and the failure to file a claim within the time prescribed, long precedent and the policy expressed in Matter of Murray v City of New York (30 N.Y.2d 113) mandates that this statute be read as conferring discretion on the courts vested with discretion to sustain or deny grants of permission for late filing.
We do, however, agree with the appellant that the Murray decision is not applicable to the late filing by the adult claimant. Accordingly, while affirming the Appellate Division's grant of leave to serve a late notice of claim on behalf of the minor son, we modify the decision below to the extent of disallowing the parent claimant leave to serve a late notice of claim on her own behalf.
GABRIELLI, J. (dissenting).
The order of the closely divided Appellate Division is required to be reversed and the determination of Special Term should be reinstated.
In a case infinitely more appealing insofar as the extension of an infant's rights to file a late claim, we held, barely a year ago that "[t]he incapacities of the claimant, not those of his lawyer, are the relevant considerations under subdivision 5 of section 50-e of the General Municipal Law. And there was certainly insufficient in the record to compel a finding that the *778 failure to serve timely notice of claim was attributable to claimant's own injuries" (Matter of Ostrander v City of Syracuse, 33 N.Y.2d 960, 961). In the case before us the claim against the Transit Authority was executed and verified 40 days before the expiration of the statutory 90-day filing period. Counsel failed to serve the notice. The uncontested facts of this case establish that the delay in filing could in no way be interpreted as having occurred "by reason of his infancy" as required by subdivision 5 of section 50-e of the General Municipal Law.
In these circumstances it was error, as a matter of law, for the Appellate Division to hold that "[w]e indulge in the presumption of an impediment attending infancy". There simply was no indication of any sort that infancy had anything to do with the failure to make timely service where, concededly, the late filing was occasioned solely by counsel's failure to file or serve the notice within the required statutory period. Matter of Murray v City of New York (30 N.Y.2d 113) is not to the contrary. In that case, claimant had not retained counsel for the malpractice action for which permission to file a late notice of claim was sought and, as well, the infant claimant had been hospitalized for some time prior thereto.
Requests for legislative remedial action have produced no finite results; and we are thus required to read and interpret the statute as written. In Camarella v East Irondequoit School Bd. (34 N.Y.2d 139, 142-143) we stated that "[i]n concluding we cannot but remark that in this case the harshness of section 50-e is once again laid bare. But where the Legislature has decreed that, as a prerequisite to sue, a particular form of notice shall be conveyed with particular details to particular officers, the courts lack power to substitute something else. The need for legislative reconsideration of the harsher aspects of section 50-e is apparent (see Matter of Murray v City of New York, 30 N.Y.2d 113, 120, 121 [BREITEL, J., concurring]) in order that a more equitable balance may be achieved between a public corporation's reasonable need for prompt notification of claims against it and an injured party's interest in just compensation".
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.