█ In the Matter of GEORGE ECONOMOU et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.—Judgment, Supreme Court, New York County, entered May 31, 1973, granting the petitioner-respondents' motion for leave to serve a late notice of claim on respondent-appellant *nunc pro tunc* affirmed, without costs and without disbursements. Bellevue Hospital was owned and operated by the City of New York until July 1, 1970 when its operation, but not its ownership, was taken over by the respondent-appellant under an option given it and the city by chapter 1016 of the Laws of 1969. We agree with the dissent that the respondent-appellant cannot be estopped by any conduct of the city. It is estopped, however, by its own conduct. Necessarily aware that a reading of the statute would not disclose that it was the new operator of the hospital, the respondent-appellant is unable to point to a single act taken by it to reveal its identity to those doing business with the hospital. It did not betray its presence by even a sign, a poster or placard. To the contrary, for a year and a half, it acquiesced in the city's acceptance of notices of claims that arose out of its own operation. The leave to serve a late notice *nunc pro tunc* was an exercise of discretion within "the perimeters of reason" *(Matter of Murray v City of New York,* 30 NY2d 113, 119). Concur—Markewich, J. P., Tilzer, Capozzoli and Lynch, JJ.; Murphy, J., dissents in the following memorandum: Plaintiffs were employed by an independent contractor engaged in the painting of an emergency ward at Bellevue Hospital. The ward was equipped with ultra-violet lights shielded by louvres. Plaintiffs claim that on April 5, 1972, the shields were removed, thereby exposing them to the lights and causing them to suffer injuries to their eyes and faces. One week later, a notice of claim was served on the City of New York. Pursuant to the city's demand, petitioners were physically examined on September 12, 1972. On October 30, 1972, a summons and complaint was served; and was answered on January 15, 1973. Said answer admitted ownership of Bellevue by the city, but denied operation and control. Alerted by such response, counsel's investigation disclosed that operation and control of said hospital

(as distinguished from ownership) had been turned over to appellant, a "public benefit corporation", on or about July 1, 1970, pursuant to chapter 1016 of the Laws of 1969. Subdivision 2 of section 20 of said act provides, in pertinent part, that no personal injury action may be commenced against said corporation "unless a notice of intention to commence such action * * * shall have been filed with a director or officer of the corporation within ninety days after such cause of action shall have accrued." After the expiration of such 90-day period, plaintiff applied for leave to serve a notice of claim on appellant "Nunc Pro Tunc". Special Term granted the motion. I see no legal basis for awarding such relief. The city's demand for a physical examination of petitioners and its requests for extension of time to serve its answer, relied on so heavily by petitioners, were consistent with the possibility that liability might be imposed on the city predicated on its retained ownership of Bellevue. Moreover, and in any event, since appellant is an entity separate and distinct from the City of New York, no action by the latter (even assuming some estoppel theory could be established) would be binding on the corporate respondent. Certainly the fact that both entities are represented by the Corporation Counsel can have no legal significance. In sum, petitioners' failure to comply with the applicable statute presents us with an incurably fatal defect. *(Bender v New York City Health & Hosps. Corp.,* 46 AD2d 898.) The majority's reliance on *Matter of Murray v City of New York* (30 NY2d 113) is misplaced since said "decision is not applicable to the late filing by [an] adult claimant." *(Matter of Sherman v Metropolitan Tr. Auth.,* 36 NY2d 776, 777.) Accordingly, the judgment appealed from should be reversed and the application denied.