■ CHARLES GLOVER, Respondent, v CITY OF NEW YORK HEALTH AND HOSPITALS CORPORATION, Appellant.—In a medical malpractice action, defendant appeals from an order of the Supreme Court, Kings County, dated April 15, 1974, which, *inter alia,* granted plaintiff's motion for reargument and thereupon granted plaintiff's previous motions for leave to serve a notice of claim *nunc pro tunc* and to strike the affirmative defense in defendant's answer. Order reversed, without costs, motion for reargument denied and two orders dated February 13, 1974 reinstated *(Bender v New York City Health & Hosps. Corp.,* 46 AD2d 898; see, also, *Matter of Powers v Foley,* 25 AD2d 525). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ GARY GOLDSTEIN, Appellant, v DONALD BRICKERS et al., Respondents. —In an action against the City of New Rochelle and a police officer employed by the city to recover damages for assault and battery, false arrest, false imprisonment and breach of contract, plaintiff appeals from an order of the Supreme Court, Westchester County, entered May 15, 1975, which granted defendants' motion for summary judgment as to the first two causes of action and dismissed the third cause of action for failure to state a cause of action. Order modified by (1) striking therefrom the provision granting the motion as to the first two causes of action and substituting therefor a provision that the motion is denied as to those causes of action and (2) adding thereto a provision granting summary judgment to defendant City of New Rochelle as to the fourth cause of action. As so modified, order affirmed, with $20 costs and disbursements. There was no requirement that plaintiff serve a notice of claim upon either defendant Brickers or upon the defendant City of New Rochelle in order to permit the maintenance of this action against Brickers (cf. *Sandak v Tuxedo Union School Dist. No. 3,* 308 NY 226; *O'Hara v Sears, Roebuck & Co.,* 286 App Div 104). However, since a notice of claim was not timely served upon the City of New Rochelle, this action cannot be maintained against it. Therefore, Special Term should have granted summary judgment to the city on plaintiff's fourth cause of action. Such relief was requested at Special Term. This court may award summary judgment in favor of the city even though it has not requested such relief on appeal *(Peoples Sav. Bank of Yonkers, v County Dollar Corp.,* 43 AD2d 327, affd 35 NY2d 836 on opn of Mr. Justice Shapiro at the App Div; *Freedom Discount Corp. v McMahon,* 38 AD2d 947). Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.