■ CHARLES SIGAL, Respondent, v SHELDON J. GOLDMAN et al., Appellants.—Order, Supreme Court, New York County, entered on February 24, 1975, unanimously affirmed on the opinion of Chimera, J., at Special Term. Respondent shall recover of the appellants $60 costs and disbursements of this appeal. No opinion. Concur—Kupferman, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE VACCARO, Appellant.—Judgment, Supreme Court, New York County, rendered on January 17, 1974, unanimously affirmed. The case is remitted to the Criminal Term, Supreme Court, New York County, which shall direct defendant to surrender himself in order that execution of the judgment shall be commenced or resumed (CPL 460.50, subd 5). No opinion. Concur—Kupferman, J. P., Lupiano, Tilzer, Capozzoli and Lane, JJ.

■ THICO PLAN, INC., Appellant, v GLACIER GENERAL ASSURANCE COMPANY, Respondent, and WORLDOVER FACILITIES, INC., Defendant and Third-Party Plaintiff. HERITAGE SERVICE CORPORATION, Third-Party Defendant.—Order, Supreme Court, New York County, entered on January 22, 1975, unanimously affirmed for the reasons stated by Baer, J., at Special Term. Respondent shall recover of the appellant $60 costs and disbursements of this appeal. No opinion. Concur—Markewich, J. P., Kupferman, Murphy, Lupiano and Nunez, JJ.

■ BLANCA MARTINEZ, Individually and as Mother and Natural Guardian of RUTH FIGUEROA, an Infant, Respondent, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, Bronx County, entered on September 25, 1974, as resettled by order of said court entered on November 4, 1974, unanimously affirmed, without costs and without disbursements. There has been a diligent assertion of claim without any prejudice to the defendant. Under the circumstances presented, the infant plaintiff's timely service of the notice of claim on the Comptroller's office is good service on the Health and Hospitals Corporation. (See *Matter of Economou v New York City Health & Hosps. Corp.,* 47 AD2d 877.) Concur—Stevens, P. J., Murphy, Lupiano, Capozzoli and Nunez, JJ.

■ ROBERT McCALDON, as Administrator of the Estate of THOMAS McCALDON, Deceased, Respondent, v CITY OF NEW YORK, Appellant.—Order, Supreme Court, Bronx County, entered June 17, 1974, which granted a motion to direct the defendant City of New York to furnish plaintiff with the court reporter's transcript of the arraignment of plaintiff's intestate, unanimously reversed, on the law and the facts, and the motion denied, without costs and without disbursements. This action was brought by plaintiff as administrator for the alleged wrongful death of the deceased while confined to Rikers Island Prison where he committed suicide. The plaintiff alleges that the court stenographer, Thomas May, has failed to respond to the efforts to secure the arraignment minutes. The stenographers are officers of the court (Judiciary Law, § 290), and under court not city supervision. There is no allegation that the necessary fees were tendered for the transcript. (Judiciary Law, §§ 300-302.) In any event, plaintiff has already filed a note of issue and statement of readiness. *(Price v Brody,* 7 AD2d 204; *Morrison v Sam Snead Schools of Golf of N. Y.,* 13 AD2d 986; see, also, *McCaldon v City of New York,* 42 AD2d 1055.) Concur—Kupferman, J. P., Lupiano, Tilzer, Capozzoli and Lane, JJ.