■   PEARL L. VAN HORN, as Administratrix of the Estate of EDWARD N. VAN HORN, Deceased, Respondent, v VILLAGE OF NEW PALTZ et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered June 16, 1976, which granted leave to the claimant to file a late notice of claim. Decedent died on March 27, 1975, allegedly as a result of bullet wounds he sustained the previous day through the negligence and

assault of defendant police officers who were in the employ of the defendant village. On August 6, 1975 claimant, decedent's mother, was issued limited letters of administration. On December 17, 1975, claimant obtained an order to show cause for leave to file a late notice of claim. Claimant contended that the Village of New Paltz refused to give requested information to her or her attorney concerning the circumstances surrounding decedent's death and that this information was necessary in order to file a proper notice of claim. It was also alleged and not denied by defendants that defendant village refused to release requested information to claimant concerning disciplinary hearings involving defendants Thompson and Walton conducted by the village board of police commissioners. These hearings held in May, 1975 pertained to the events surrounding decedent's death. Leave to file a late notice of claim was granted by Special Term and this appeal ensued. Initially, defendants contend that the amendment to section 50-e of the General Municipal Law which became effective September 1, 1976 should not be given retroactive effect (L 1976, ch 745, § 2). This court has recently decided, however, that this amendment should be given retroactive effect and that a court now has general discretion to extend the time to serve a notice of claim (*Nolan v County of Otsego,* 56 AD2d 422). Thus, even though Special Term granted leave to claimant prior to the effective date of this amendment, this court will consider whether such leave was an abuse of discretion based on section 50-e as amended. Upon application for leave to serve a late notice of claim the court must consider all relevant facts and circumstances including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter and whether delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits (General Municipal Law, § 50-e, subd 5 [as amd by L 1976, ch 745, § 2]). Considering the disciplinary proceedings following decedent's death, this court is of the opinion that defendants had acquired actual knowledge of the essential facts within the 90-day period and that no prejudice would result to defendants due to the delay in serving the notice of claim. Based on the record in its entirety we find that Special Term did not commit an abuse of discretion in permitting late filing of a notice of claim and, therefore, the order should be affirmed. Order affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.