■ In the Matter of JUNE PAULETTI, on Behalf of Her Infant Daughter DONNA M. PAULETTI, Appellant-Respondent, v FREEPORT UNION FREE SCHOOL DISTRICT NO. 9, Respondent-Appellant.—In a proceeding for leave to file a late notice of claim, (1) petitioner appeals from an order of the Supreme Court, Nassau County, dated March 30, 1976, which denied its motion to direct the acceptance of a late notice of claim and (2) the parties cross-appeal from a further order of the same court, dated February 9, 1977, which denied petitioner's renewal motion, without prejudice to a new motion on proper papers following the disposition by this court of the appeal from the order of March 30, 1976. Order dated March 30, 1976 affirmed, without costs or disbursements. Appeal from the order of February 9, 1977 dismissed as academic, without costs or disbursements, in the light of the disposition of the appeal from the prior order. In June, 1973, an infant, Donna Pauletti, then aged 11, was injured as a result of a fall down a flight of stairs while she was attending one of respondent-appellant's schools. A report of the accident was immediately made and the infant reported to the school nurse. No legal action was taken by the infant or her mother until January, 1976, when a petition was filed for an order permitting the late filing of a notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. The petition was denied by order dated March 30, 1976. On July 24, 1976, subdivision 5 of section 50-e, which had limited applications to file a late notice of claim to a period of one year subsequent to the date of the accident, was amended, effective September 1, 1976, so as to extend the period of time within which a court could exercise its discretion to permit service of a late notice of claim to the period permitted for the commencement of an action by a claimant against a public corporation. Based upon this amendment, petitioner moved to renew the prior petition. That motion was denied without prejudice to renew pending the outcome of the appeal from the initial order. Ordinarily, Statutes of Limitation are given a prospective construction unless the contrary is clearly indicated (see, e.g., *Hastings v Byllesby & Co.,* 265 App Div 643; McKinney's Cons Laws of NY, Book 1, Statutes, § 59, p 129). The amendment to section 50-e gives no indication that it was meant to apply retroactively. Accordingly, the one-year limitation period contained in the prior law applies, and claimant's action is barred (cf. *Char-Mo Investors v Market Ins. Co.,* 58 AD2d 589). We are aware of the contrary holdings in the First, Third and Fourth Departments cited in the dissenting memorandum. However, this is a case of first impression in this court and we agree with the reasoning contained in the dissenting memorandum in *Rippe v City of Rochester* (57 AD2d 723, 724-725). Hopkins, J. P., Shapiro and Suozzi, JJ., concur; Hawkins, J., dissents and votes to reverse the orders appealed from and to grant the motion, with the following memorandum, in which Mollen, J., concur: In *Camarella v East Irondequoit Cent. School Bd.* (34 NY2d 139, 142-143), although rejecting a notice of claim filed two days beyond the sacrosanct 90-day period, the Court of Appeals felt compelled to state: "In concluding, we cannot but remark that in this case the harshness of section 50-e is once again laid bare. But where the Legislature has decreed that, as a prerequisite to sue, a particular form of notice shall be conveyed with particular details to particular public officers, the courts lack the power to substitute something else. The need for legislative reconsideration of the harsher aspects of section 50-e is apparent (see *Matter of Murray v. City of New York,* 30 N Y 2d 113, 120, 121 [BREITEL, J., concurring]) in order that a more

equitable balance may be achieved between a public corporation's reasonable need for prompt notification of claims against it and an injured party's interest in just compensation." The Legislature, by chapter 745 of the Laws of 1976 (July 24, 1976), effective September 1, 1976, enacted a series of amendments to section 50-e of the General Municipal Law and related statutes. How substantial are these revisions is evident from the very extended wording, running from pages 1523 to 1528, inclusive, of McKinney's 1976 Session Laws of New York. The report of the Judicial Conference contains a comprehensive comment supporting the proposed amendment to section 50-e. I note but two paragraphs commending to the Legislature the justification or rationale for such changes: "The proposed amendment to subdivision 5 would significantly extend the discretion of the court to grant leave to file a late notice of claim. The subdivision, as amended, reflects a substantial change or policy in respect to applications for leave to file late notices of claim, giving the court greater flexibility in exercising discretion in this area. * * * Infancy, mental or physical incapacity and death of the claimant before expiration of the time limited for service of the notice are grounds on which permission to file a late notice of claim may be granted under present law. However, it should be noted that under the proposed new statute the court would be free to consider such disability as an element bearing on the court's determination even though the disability may not have been the reason for the failure to serve the late notice, as for example, when the claimant's lawyer neglected to serve a timely notice." (McKinney's 1976 Session Laws of NY, p 2089.) That these considerable revisions were not a product of legislative improvisation, but rather the result of prior advice and suggestions by the Court of Appeals, is evident from the Report of the Judicial Conference, for it cites *Matter of Murray v City of New York* (30 NY2d 113). In the *Camarella* case, that court, again urging "legislative reconsideration", cited *Matter of Murray v City of New York,* which antedated it by some two years. The latter above-quoted paragraph, in my opinion, despite the absence of any specific legislative memorandum or Governor's message, evinces an unmistakable legislative intention to adopt the repeated recommendations of the Court of Appeals and thereby accord the statute both retroactive and prospective effect where the rights of an infant plaintiff are involved. The courts are now given a broader base upon which to exercise discretion, and particularly so where the rights of an infant are involved; to do so retroactively for prospective applications needed no amending legislation. I would not presume that the Legislature was oblivious to the *Murray* and *Camarella* decisions. On the contrary, I would assume it was mindful of the implications and changes being effected. The legislative intent is conducive to no conclusion other than that it was meant to be procedural rather than substantive. Hence, it is without the general rule against giving retroactive effect to a statute in the absence of a clear legislative intent. As we held in *Abbatemarco v Town of Brookhaven* (26 AD2d 664): "In our opinion, the time of disability by reason of infancy is not a part of the time limited by subdivision 1 and 2 of section 50-i of the General Municipal Law for the commencement of the action *(La Fave v. Town of Franklin,* 20 A D 2d 738)." As noted, there was neither a Governor's message nor a legislative memorandum accompanying the amendments to section 50-e of the General Municipal Law. However, on June 8, 1976, upon approving chapter 280 of the Laws of 1976, broadening the base and time for infants to file under the Court of Claims Act, the Governor issued the following message: "On August 5, 1975, I disapproved eighteen private claims bills with the following statement: 'These bills are

fundamentally inconsistent with the notion of equal treatment under the law which lies at the heart of our entire system of government. There is no reason why special access to the Court of Claims should be afforded to a select few people who have the resources available to have special bills drawn up for them and passed through the Legislature. If there is a defect in the general laws of the State that precludes many meritorious legal or equitable claims from being heard in the Court of Claims, the general laws should be amended to provide greater and uniform access to the Court for all the people of this State rather than remedying the defect for the benefit of a favored few.' This bill, which is part of my program will enable late claims to be handled in the future in a logical, fair and orderly way. It would make available a single procedure applicable to all the citizens of the State and would thus insure every person an equal opportunity to have his claim heard and considered fairly." (NY Legis Ann, 1976, p 393; emphasis supplied.) It should also be noted that the Appellate Divisions for the First, Third and Fourth Departments have accorded retroactive effect to the amendment to section 50-e, deeming the statute "remedial" or "procedural" (Nolan v County of Otsego, 55 AD2d 422; Van Horn v Village of New Paltz, 57 AD2d 642; Matter of Smalls v New York City Health & Hosps. Corp., 55 AD2d 537; Rippe v City of Rochester, 57 AD2d 723).