■ JEFFREY DONG, an Infant, by His Father and Natural Guardian, DANNY T. DONG, Respondent, v HERMAN A. WANDMACHER, Defendant and Third-Party Plaintiff-Respondent. ROSLYN PUBLIC SCHOOL, Third-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, the third-party defendant appeals from (1) an order of the Supreme Court, Nassau County, dated October 14, 1976, which, upon the court's own motion, vacated a prior order dated October 12, 1976 and granted leave to the infant plaintiff to serve a late notice of claim against appellant and (2) a further order of the same court, dated February 23, 1977, which denied appellant's motion for reargument. Appeal from the order dated February 23, 1977 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated October 14, 1976 reversed, without costs or disbursements, and order dated October 12, 1976 reinstated. We recently held in *Matter of Pauletti v Freeport Union Free School Dist. No. 9* (59 AD2d 556) that the amendment to subdivision 5 of section 50-e of the General Municipal Law, effective September 1, 1976, would not be applied retroactively. Therefore, since the application for leave to serve a late notice of claim was not made within one year of the date of the accident, the court's order dated October 12, 1976, which, in applying the prior law, denied the motion, was proper and should be reinstated. Hopkins, J. P., Martuscello and Rabin, JJ., concur; Hawkins, J., concurs in the result upon the constraint of the majority holding in *Matter of Pauletti v Union Free School Dist. No. 9* (59 AD2d 556).