■ MARY DICKEY, Respondent, v COUNTY OF NASSAU, Appellant.—In an action to recover damages for medical malpractice, defendant appeals from so much of an order of the Supreme Court, Nassau County, dated December 23, 1977, as, upon granting its motion for reargument of its prior motion to dismiss the complaint, which prior motion had been denied, again denied the motion to dismiss. Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiff received medical treatment during the early stages of her pregnancy at a clinic maintained by the Department of Health of the County of Nassau. She visited the clinic during the months of March, April and May, 1976. Her last visit took place on May 3, 1976, at which time she was given an appointment for three weeks later, May 24, 1976. On that latter date she called the clinic and complained that she was not feeling well (in relation to her pregnancy). She was advised to go to a hospital. She did so and on that day suffered a miscarriage. Plaintiff filed a notice of claim alleging malpractice for failure to conduct necessary tests and examinations at the times of her visits to the clinic. It was served on August 18, 1976, 107 days after the date of her last visit to the clinic, May 3, 1976, but within 90 days of the date of her appointment to return to the clinic, May 24, 1976. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7), arguing that plaintiff's notice of claim was served more than 90 days after her cause of action accrued (see General Municipal Law, § 50-e). Although plaintiff did not cross-move for leave to file a late notice of claim, defendant's motion to dismiss was denied. It is not disputed that on May 24, 1976 plaintiff called the clinic to complain of an apparent abnormality relating to her pregnancy, and that it was her pregnancy which the clinic had undertaken to treat. The clinic did more than merely cancel and reschedule a date for further treatment. Its advice to plaintiff, that she go to a hospital, was professional in nature, made to its *patient,* not to a stranger. By its actions it demonstrated that plaintiff was under its treatment as of that date, May 24, 1976. In view of that fact, the notice of claim was served within 90 days of the time when the cause of action accrued. Hence, we need not reach the applicability of the "continuous treatment" doctrine set forth in *Borgia v City of New York* (12 NY2d 151), or the refusal of the court in *Davis v City of New York* (38 NY2d 257, 260) to apply that doctrine under allegedly analogous facts. We also note that the recent amendment to subdivision 5 of section 50-e of the General Municipal Law (L 1976, ch 745, § 2, eff Sept. 1, 1976) applies to actions which have arisen within one year prior to September 1, 1976 *(Matter of Beary v City of Rye,* 44 NY2d 398). Thus, if the last date of treatment were

to be deemed May 3, 1976, plaintiff could have moved for leave to serve a "late" notice of claim. In determining an application for leave to serve a late notice of claim under subdivision 5 of section 50-e of the General Municipal Law, the court must consider whether the public corporation obtained knowledge of the essential facts "within the time specified in subdivision one [i.e., 90 days] *or within a reasonable time thereafter"* (emphasis supplied). Here, the notice of claim was served only 17 days beyond the 90-day period, which is far less than the two and one-half years generally provided for a patient to discover and act upon a medical malpractice claim (see CPLR 214-a). The rationale for requiring one who sues a public corporation to file a notice of claim within 90 days is far less cogent and realistic in a medical malpractice case than in one for traditional negligence. In the latter case there is generally a definable trauma which would almost immediately alert the sufferer to a right to institute suit. In the former case the patient may not even know that he has been a victim of malpractice until an appreciable (or even a considerable) time thereafter. Therefore, the ameliorative provisions of the amended text of subdivision 5 of section 50-e of the General Municipal Law are particularly appropriate to this case. Special Term did not grant plaintiff leave to serve a late notice of claim because it felt that it did not have the power to do so. In that connection, Special Term stated: "The facts in this case strongly call out for the court to exercise its discretion to accept a late filing of the notice of claim pursuant to the long overdue recently amended provisions of General Municipal Law, Section 50(e-5); and this court would grant this alternative relief if it were not precluded from doing so by the holding in *Pauletti v. Freeport Union Free School District No. 9* [59 AD2d 556]), wherein the Appellate Division, by a 3-2 decision, held that the late filing provisions thereof are to be construed prospectively from the effective date of September 1, 1976." The *Pauletti* case, cited by Special Term was appealed to the Court of Appeals and was decided by that court along with *Matter of Beary v City of Rye (supra).* In deciding those cases, the Court of Appeals made clear the right and power of Special Term to grant such an application where the claim had accrued less than one year prior to September 1, 1976. Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.