Fuchsberg, J.
(concurring). I support the tight rationale by which the court arrives at the conclusion that the plaintiff is not barred from prosecuting her wrongful death action. But, my vote is also impelled by overriding considerations relevant not only to the disposition of the present case but also to the constantly recurring ones in which we must treat with similar problems. For instance, it is that broader base on which also rests my decision to join in the comprehensive dissent authored by Judge Meyer in Jones v State of New York (51 NY2d 943). A separate, though brief, comment is therefore in order at this point.
For one thing, I record a strong conviction that the time is long past when we can blithely accept the formalisms on which this claim, and that in Jones, were rejected below. Always providing an opposing party has not been prejudiced by the technical oversight, ameliorative lawgiving, judicial and legislative, has now repeatedly pronounced that procedural niceties of the character which present themselves in each of these cases need not overwhelm the dictates of justice (see Court of Claims Act, § 9, subd 8; § 10, subd 6; General Municipal Law, § 50-e; Beary v City of Rye, 44 NY2d 398, 411; Camarella v East Irondequoit Cent. School Bd., 34 NY2d 139, 142-143). Concordantly, it is well to repeat that the fluidity of even as seemingly conclusive a concept as the adjective "jurisdictional” connotes depends in the end on the legal and factual context to which it is applied (see Lacks v Lacks, 41 NY2d 71, 74; Nuernberger v State of New York, 41 NY2d 111, 113).
In this perspective, I also touch on stare decisis. That doctrine does not interdict the re-examination of old policy in the light of new. For, "Certainty is desirable only insofar as it operates to produce the maximum good and the minimum harm and thereby to advance justice” (Fox v Snow, 6 NJ 12, 25 [Vanderbilt, Ch. J.]; see, generally, Matter of Higby v Mahoney, 48 NY2d 15, 22, 25 (dissenting opns).
Chief Judge Cooke and Judges Jasen, Jones and Wachtler *255 concur with Judge Gabrielli; Judge Fuchsberg concurs in a separate opinion; Judge Meyer concurs for the reasons stated in the last paragraph of the dissenting opinion in Jones v State of New York (51 NY2d 943).
Order insofar as appealed from reversed, etc.