■ STEVE E. SMITH, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 43143.) — Judgment affirmed, without costs. It is too well settled to require discussion that the State is not liable in damages for the acts of a Judge in the performance of his official functions. We do not reach the collateral questions presented. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ PETER BOMBOY, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 40528.) WARREN BOMBOY, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 40529.) — Per Curiam. Appeal by claimants from judgments of the Court of Claims in favor of claimants, and cross appeals by the State of New York. On May 21, 1962, the claimants filed their claims against the State of New York, alleging that they were falsely arrested by the New York State Police on July 3, 1961. The claimants were arraigned and released on bail on July 3, 1961. They were tried by the court without a jury on January 8, 1962, and, on March 9, 1962, were found not guilty and were discharged. The State contends that the claims were filed more than 90 days after the accrual of the claims and they should, therefore, be dismissed. Under subdivision 3 of section 10 of the Court of Claims Act, a claim must be filed within 90 days of the accrual of the claim where no notice of intention to file a claim is filed. A claim for false arrest accrues at the time of arraignment and release on bail. (Molyneaux v. County of Nassau, 22 A D 2d 954, affd. 16 N Y 2d 663.) The claims were, therefore, not timely filed. Judgments reversed, on the law and the facts, and claims dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.