■ In the Matter of DOUGLAS A. BARROW et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a proceeding pursuant to section 50-e of the General Municipal Law for permission to file notices of claim, the appeal is from an order of the Supreme Court, Queens County, dated November 8, 1976, which, *inter alia,* granted the motion. Order reversed, without costs or disbursements, and proceeding remanded to the Special Term for a hearing on the issues of equitable estoppel in accordance herewith. On December 3, 1975 petitioners were involved in an accident when the car in which they were riding was struck by a car driven by one of the appellant's police officers. Both petitioners served notices of claim against the City of New York within the statutory 90-day period (see General Municipal Law, § 50-e) and each notice indicated that a Housing Authority officer had been involved in the accident. Both petitioners were assigned claim numbers by the City of New York and were told to submit necessary documentation. In a demand for an examination dated March 2, 1976 (the last day of the 90-day period), the Comptroller's office advised petitioner Barrow that he was required to appear on May 10, 1976 for an oral and physical examination. Shortly after the 90-day statutory period to serve a notice of claim had run, petitioners and their attorney were informed that their claim had been disallowed and that they were referred to the appellant Housing Authority as the proper party defendant. Petitioners advised appellant of the error and attempted to have it accept their notices of claim. They were unsuccessful in this regard, despite the fact that

the appellant authority had actual notice of the accident through its employee, as is indicated by a claim letter dated March 25, 1976 sent to petitioner Schoenlank for property damage to its car in the amount of $497.98 based on an estimate dated December 30, 1975. In granting the motion without a hearing, the Special Term held that subdivision 5 of section 50-e of the General Municipal Law, as amended effective September 1, 1976, was remedial in nature and could be applied retroactively to the accident at bar. That subdivision gives the court discretion to extend the time to serve a notice of claim where the underlying period of limitation governing the cause of action has not expired. One of the factors listed in the amended statute which governs the exercise of discretion is "whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." In view of the holding of this court in *Matter of Pauletti [Freeport Union Free School Dist. No. 9]* (59 AD2d 556) that the above-mentioned amendment to section 50-e has prospective application only, it is clear that the amendment cannot be invoked in favor of petitioners. However, petitioners argued both before the Special Term and again on this appeal that an estoppel was established against appellant by virtue of its acts or omissions and those of the City of New York which, under the principles laid down by the Court of Appeals in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), served to excuse petitioners from their failure to strictly comply with the notice of claim provisions of section 50-e. Since petitioners' theory of equitable estoppel was not fully litigated by the Special Term, the proceeding is remitted to the Special Term "for a consideration of evidentiary facts as to whether or not there should be an estoppel against the defendant corporation" (see *Bender v New York City Health & Hosps. Corp., supra,* p 669). Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.