■ In the Matter of JOHN BEARY, Respondent, v CITY OF RYE, Appellant. —In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim against a public corporation, the appeal is from an order of the Supreme Court, Westchester County, entered January 25, 1977, which granted the application. Order reversed, on the law, without costs or disbursements, and application denied. Petitioner-respondent was indicted for burglary and various sexual offenses in May, 1975. Thereafter the criminal complaint against him was dismissed by the Grand Jury on January 14, 1976, and the dismissal was filed on January 16, 1976 (see CPL 190.75, subd 1). No application was thereafter made to the court for authority to resubmit the charges against the petitioner (see CPL 190.75, subd 3). On April 23, 1976, exactly 100 days after the dismissal, petitioner served a notice of claim against the City of Rye, pursuant to section 50-e of the General Municipal Law, for malicious prosecution and false arrest, alleging that the institution of criminal proceedings by the city against him had been motivated by actual malice and lacked probable cause. It is well settled that a cause of action in tort does not accrue, or arise, for the purposes of both the Statute of Limitations and section 50-e of the General Municipal Law, until all the requisite elements of the tort have been satisfied. With respect to the instant cause of action for malicious prosecution, the last element to be satisfied was the termination of the criminal proceedings in favor of the accused; this occurred when the criminal complaint against the petitioner was dismissed by the Grand Jury on January 14, 1976 (cf. *Martin v City of Albany,* 42 NY2d 13, 16–17, for a recitation of the elements of a cause of action for malicious prosecution; see, also, Prosser, Torts [4th ed], § 119). In view of the foregoing, petitioner found it necessary to apply for leave to serve a late notice of claim against the city (see General Municipal Law, § 50-e, subd 5, as it read prior to its amendment by L 1976, ch 745, § 2). Special Term granted the application and the city has appealed from that determination. The order must be reversed. This court has previously held that the amendment of subdivision 5 of

section 50-e of the General Municipal Law (L 1976, ch 745, § 2) is *not* to be given retroactive effect *(Matter of Pauletti [Freeport Union Free School Dist. No. 9], 59 AD2d 556; Matter of Barrow v New York City Housing Auth., 59 AD2d 780).* There being no allegations that the grounds for leave to file a late notice of claim fall within the stricter mandates of the statute as it read prior to the effective date of its amendment, it was improper for Special Term to have granted the application. Margett, J. P., Rabin and Titone, JJ., concur; Mollen, J., concurs in the result under constraint of the decision in *Matter of Pauletti (Freeport Union Free School Dist. No. 9)* (59 AD2d 556).