OPINION OF THE COURT
Henry W. Lengyel, J.
On September 19, 1977, claimant filed a claim with the Clerk of the Court of Claims. The claim was served on the Attorney-General on September 20,1977. In rather cursory fashion claimant alleged that he was falsely arrested, falsely imprisoned, maliciously prosecuted, libeled, sustained loss of reputation, and was humiliated. Claimant demanded damages in the total sum of $300,000 and averred that each of the six above-enumerated “torts” carried a separate damage of $50,000.
Claimant was arrested on June 3, 1976 on the charge of criminal facilitation, second degree, a class A misdemeanor. *602 He was immediately arraigned before a Town Justice of the Peace and was committed to the Jefferson County Jail at 12:35 A.M. on June 4, 1976. He was released on bail at 1:00 p.m. on that date.
In February, 1977, the Jefferson County Grand Jury by sealed indictment accused the claimant of burglary in the second degree and grand larceny in the second degree. On February 15,1977 the Jefferson County Judge issued a warrant for claimant’s arrest. Claimant was arrested on February 17, 1977. He was immediately arraigned and released on bail.
On or about April 19, 1977, claimant’s counsel moved before the Town Justice of the Peace for dismissal of the criminal facilitation charge “in view of the fact that the matter covering the same fact situation has been referred to the Jefferson County Grand Jury and has been disposed or [sic] in Jefferson County Court.” The Special District Attorney joined in the motion. On April 22,1977, the Town Justice granted the motion.
On August 4, 1977, on motion of the Special District Attorney and defendant’s counsel, the Jefferson County Judge dismissed the indictment and discharged the claimant from arrest. The basis for the dismissal was “that a complete investigation of the case showed insufficient evidence that the defendant could have committed said crimes”.
The State’s motion to dismiss the cause of action for false arrest and imprisonment was predicated upon untimely filing. The State also posited that there was only one arrest, i.e., June 3,1976; that the “rearrest” of February 17,1977 was merely a continuation of the first arrest; and, that the time factor relating to the first arrest controlled the timeliness of both arrests. I reject that contention.
It has long been the law of this State that claims for false arrest and imprisonment accrue on the date that the claimant is arraigned and released on bail. (See Schildhaus v City of New York, 23 AD2d 409, 411, affd 17 NY2d 853, cert den 385 US 906; Molyneaux v County of Nassau, 22 AD2d 954, affd 16 NY2d 663; Redding v County of Westchester, 59 AD2d 776; Huff v State of New York, 27 AD2d 892; Bomboy v State of New York, 26 AD2d 974.) If the *603 above decisions still reflect the law of this State, then the claim for false arrest and imprisonment arising out of the June 3, 1976 arrest accrued on June 4, 1976.
In a recent Court of Appeals decision (Matter of Beary v City of Rye, 44 NY2d 398), Judge Fuchsberg, writing for a unanimous court, stated at page 408: “In Matter of Beary the claimant seeks damages for false arrest and malicious prosecution against the City of Rye. The criminal proceedings on which his claim is premised terminated in his favor when the Grand Jury dismissed all the charges against him. That was on January 14, 1976. His right to sue therefore accrued on that date (see Robbins v Robbins, 133 NY 597; Giglio v Delesparo, 46 AD2d 928).” Claimant’s counsel in the claim at bar urged that Matter of Beary v City of Rye (44 NY2d 398, supra) changed existing law; that a claim for false arrest/imprisonment accrued when the criminal proceeding flowing from the arrest had been finally determined in favor of the criminal defendant, and not when such person was freed on bail.
False arrest/imprisonment is premised upon an intentional physical act which unlawfully interferes with a person’s freedom from restraint of movement. It is not premised upon the criminal judicial proceeding which may occur after the arrest. Granted, the result of such criminal proceeding may be of importance in establishing probable cause or the lack of probable cause at the time of arrest. However, that result only relates to the civil defendant’s affirmative defense of legal justification. The criminal pro-ceding and its result bear no relationship to the intentional, known, nonconsenting, unprivileged, actual physical restraint which occurred before the criminal proceeding and which ceased when the criminal defendant was released on bail. (See Broughton v State of New York, 37 NY2d 451, cert den sub nom. Schanbarger v Kellogg, 423 US 929.) Therefore, Judge Fuchsberg obviously intended the accrual date language in the above quotation from the Beary (supra) decision to relate solely to the tort of malicious prosecution.
It is also of interest to note that the decision in the Second Department (Matter of Beary v City of Rye, 59 AD2d *604 905), which was reversed in the Court of Appeals, concerned itself solely with the accrual date for the tort of malicious prosecution, and that the two decisions cited by Judge Fuchsberg at the end of the above quotation were solely concerned with the tort of malicious prosecution. Furthermore and finally on this point, in my opinion, the Court of Appeals would not change law established and reinforced by a long line of appellate decisions without clearly stating that such a change was intended.
I, therefore, hold that a claim for false arrest and imprisonment accrues on the date of arraignment and release from actual physical custody. (Cf. Ross v Village of Wappingers Falls, 62 AD2d 892.)
In the claim at bar, claimant was released on bail on June 4, 1976. The claim was not brought until September 20,1977, i.e., 1 year, 3 months and 16 days after the accrual date.
The State’s motion to dismiss this claim was filed on April 5, 1978 returnable on May 2, 1978 and adjourned to May 16, 1978. By answering affidavit, dated May 11, 1978, claimant’s counsel not only opposed the motion but also, in the alternative, requested that the court permit a late filing of the claim under “Court of Claims Act, Section 10, Subdivisions 5 and 6”. Although both subdivisions 5 and 6 of section 10 of the Court of Claims Act contemplate a formal application for permission to file a late claim, in my opinion, such an application made in an answering affidavit to a dismissal motion may be considered as being within statutory contemplation. (See Gibson v State of New York, 64 AD2d 790.) Therefore, claimant is considered to have applied for late filing within two years of the accrual date of June 4, 1976. Under subdivision 5 of section 10 of the Court of Claims Act, the controlling statute on said accrual date, claimant had the right to make such an application; and, the court was given the discretionary power to grant the application if all three requirements of subdivision 5 of section 10 were satisfied. (See Crane v State of New York, 29 AD2d 1001; Bommarito v State of New York, 35 AD2d 458.)
The only excuse presented to justify the late filing ap *605 plication was “It [sic] the Claimant had filed his claim previously, it would have seriously jeopardized his position in the criminal action with the State Police aware of the fact that the Claimant was going to sue the State for damages.” I do not find this a reasonable excuse under subdivision 5 of section 10 of the Court of Claims Act; or, even an excuse which satisfied the “liberalized” requirements of subdivision 6 of section 10. Judge Robert J. Mangum ruled on such an excuse in Olson v State of New York (71 Misc 2d 1009). He wrote (pp 1010-1011) “The possible existence of a compromising legal posture proffered by claimant as an excuse for the delay in filing is not only without merit (see Kozak v. State of New York, 35 A D 2d 909) but patently unreasonable. * * * [Collateral litigation is neither a legal disability nor a reasonable excuse for failure to abide by the time limitations set forth in section 10 of the Court of Claims Act.” I fully concur with that statement.
The State took the position that subdivision 6 of section 10 of the Court of Claims Act must be applied to the arrest of June 3, 1976, and that claimant’s application for late filing must be denied as being outside the one-year Statute of Limitations for false arrest. I disagree. Although subdivision 6 of section 10 may be applied retrospectively (Sessa v State of New York, 63 AD2d 334; Fuoco v State of New York, 64 AD2d 1030), certainly it cannot be applied so as to take away a statutory right (i.e., the two-year Statute of Limitations under subdivision 5 of section 10) which had become fixed prior to September 1, 1976.
Claimant also contends that the arrest of February 17, 1977 was a false arrest and false imprisonment. That arrest was made under the authority of a warrant issued by the County Judge and predicated upon a Grand Jury indictment. Obviously, the tort of false arrest/imprisonment will not lie under such fact. It was stated in Broughton v State of New York (37 NY2d 451, 457-458, cert den sub nom. Schanbarger v Kellogg, 423 US 929, supra) “an unlawful detention gives rise to a cause of action for false imprisonment ‘except where the confinement was by arrest under a valid process issued by a court having jurisdiction’ *606 (Restatement, 2d, Torts, § 35, comment a; Prosser, Torts [4th ed], § 11). When an unlawful arrest has been effected by a warrant an appropriate form of action is malicious prosecution.” (See, also, Dumont v State of New York, Ct of Claims, Claim No. 59996, June 30, 1978, Koreman, J.)
The causes of action for false arrest/imprisonment, which allegedly occurred on June 4,1976 and February 17, 1977 are dismissed.
The cause of action for libel must also be denied. CPLR 3016 (subd [a]) requires that in a libel action “the particular words complained of shall be set forth in the complaint.” Such was not done in the claim at bar. Admittedly, the word “libel” was mentioned four times in the claim. However, the conclusory utilization of a word does not state a cause of action. More importantly, it is obvious from reading claimant's counsel's memorandum of law, that the alleged libel stems from statements made by the Special District Attorney to the Grand Jury when he presented the People’s case against the claimant. This court only has jurisdiction over State officers and employees; it does not have jurisdiction over county employees, and a District Attorney (regular or special) is a county employee. (See Fisher v State of New York, 10 NY2d 60.) State's counsel also contended that once the judicial criminal process was commenced there was an absolute privilege which protected against the tort of libel. (See Giglio v Delesparo, 46 AD2d 928.) I do not consider it necessary for me to rule on that point.
Claimant’s counsel admits in his memorandum of law, that claimant is not asserting a cause of action for loss of reputation and humiliation. However, the claim as filed and served rather inartistically sets forth such causes. As set forth in the claim, they are dismissed.
The last cause of action contained in the claim relates to malicious prosecution. Again, and not intending to belabor the fact of bad pleading, I must specifically allude to the inadequacy of the claim in that respect. One cannot ascertain whether claimant contends he was maliciously prosecuted by the warrantless arrest of June 3, 1976 which culminated in the dismissal of charges by the Justice of the *607 Peace on April 22, 1977; or, whether claimant contends he was maliciously prosecuted under the indictment and arrest under warrant on February 17, 1977, which culminated in the dismissal of charges by the County Judge on August 4, 1977, or, both.
If claimant contends he was maliciously prosecuted under the warrantless arrest of June 3, 1976, which culminated in the April 22, 1977 dismissal, his cause of action is time barred. As that cause of action accrued on April 22, 1977, claimant’s filed claim on September 20, 1977 was late. Under subdivision 6 of section 10 of the Court of Claims Act, claimant had one year from the date of accrual (CPLR 215) in which to apply for permission to file late. The last day for such an application was April 22,1978. As claimant made an informal application by his answering affidavit, dated May 11, 1978, he did not come within our jurisdictional statute and the application may not be entertained by this court.
However, it is possible (although on the filed papers rather improbable) that claimant might be able to prove a claim for malicious prosecution arising out of the February indictment and arrest which culminated in the August 4, 1977 dismissal. Such claim would not be time barred.
A claim for malicious prosecution accruing on April 22, 1977 is dismissed.
A claim for malicious prosecution accruing on August 4, 1977 is dismissed without prejudice. Claimant shall have 30 days from the date that notice of entry of order is served in which to replead his claim sounding in malicious prosecution as it relates to the Grand Jury proceedings and arrest of February 17, 1977.