■ JACQUELINE MILLS, Appellant, v DENNIS J. PAPPAS et al., Respondents.—Levine, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered March 19, 1990 in Sullivan County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, (2) from an order of said court, entered October 12, 1990 in Sullivan County, which, inter alia, denied plaintiff's motion for reconsideration, and (3) from an order of said court, entered October 12, 1990 in Sullivan County, which, inter alia, denied plaintiff's motion to vacate a judgment entered against her.

Plaintiff was the named executrix in the will of Craig Griffin, who died in 1980. She retained defendant Dennis J. Pappas, a member of the law firm of defendant Pappas & Russo, as attorney for the estate. Pappas was the alternative executor under Griffin's will. Pappas withdrew from representation of the estate in 1981 and plaintiff then retained Dana Winslow. Because of a complaint concerning the delay in processing probate of the estate, the Nassau County Surrogate's Court ordered plaintiff to file an accounting by April 28, 1982.

Plaintiff took it on her own responsibility to prepare and submit an accounting in Surrogate's Court. Her "informal accounting" was subsequently rejected by the court. Winslow then withdrew as her attorney. Surrogate's Court then ordered that plaintiff be removed as executrix for failing to obey

the court's prior order to account, and appointed Pappas as successor executor in accordance with Griffin's will.

Next, Pappas brought a motion in Surrogate's Court to compel plaintiff to account for her administration of the estate before removal. Plaintiff opposed on the grounds of various irregularities in the moving papers and in the manner of service of citations. Surrogate's Court granted the motion and ordered plaintiff to file an accounting within 15 days of service of the order. Plaintiff's motion to reargue was denied.

Thereafter, plaintiff was served with a Surrogate's Court order to show cause seeking to have her held in contempt for ignoring the order to account. She failed to appear on the return date and a contempt order was issued, which authorized the issuance of a warrant in the event that plaintiff did not file an accounting within 20 days. After that period expired, a warrant was issued, plaintiff was arrested, brought before Surrogate's Court and directed to be subject to an examination for an accounting. The record, however, does not indicate any further disposition of the proceedings in Surrogate's Court.

Plaintiff then brought the instant action against Pappas and various attorneys in the Pappas & Russo law firm, which represented the Griffin estate, seeking compensatory damages, treble damages and punitive damages. After joinder of issue and while discovery was pending, defendants moved for summary judgment. Plaintiff opposed defendants' motion and cross-moved to, *inter alia,* strike defendant's answer for failure to comply with discovery. Supreme Court denied plaintiff's cross motion and granted defendants summary judgment dismissing the complaint. These appeals followed.

There should be an affirmance. Giving plaintiff's rather discursive *pro se* complaint and papers in opposition to defendants' motion the benefit of every reasonable intendment, she has pleaded causes of action sounding in legal malpractice, false arrest, abuse of process, malicious prosecution and fraudulent and deceptive practice by attorneys in violation of Judiciary Law § 487 (1). All of the causes of action are based upon the alleged irregularities, misrepresentations and an undisclosed conflict of interest on the part of defendants in the proceedings before Surrogate's Court, wherein she was ordered to file an account for her tenure as executrix of the Griffin estate, held in contempt for failing to do so and arrested on the warrant. On the basis of the undisputed facts, each of these claims is insufficient to accord her recovery, as a matter of law.

As to the malpractice claim, all of the acts complained of occurred subsequent to the termination of Pappas' representation of plaintiff and, for this reason alone, are not actionable *(see, Carey v Campbell,* 93 AD2d 923). To the extent that the alleged malpractice is based upon a claimed conflict of interest resulting from the Pappas & Russo firm proceeding in Surrogate's Court against plaintiff, any such conflict of interest is at most a violation of defendants' ethical responsibilities, an insufficient basis for imposing liability in favor of a former client *(see, Brown v Samalin & Bock,* 155 AD2d 407, 408; *Brainard v Brown,* 91 AD2d 287, 289; *see also, Kahn v Crames,* 92 AD2d 634, 635). These are nothing more than conclusory allegations that Pappas' negligence in representing the estate in 1981 somehow contributed to plaintiff's damages. Moreover, she has totally failed to submit any evidentiary proof that any such negligence prevented her from complying with the order to account. Thus, there is no triable issue on proximate cause, a necessary element of plaintiff's malpractice claim *(see, Mendoza v Schlossman,* 87 AD2d 606, 607).

Likewise, any of plaintiff's causes of action based upon false imprisonment, malicious prosecution and abuse of process are invalid because the undisputed facts conclusively negate necessary elements of such claims. Thus, as to false imprisonment, plaintiff's arrest was pursuant to a warrant, valid on its face, by a court having jurisdiction and, as such, was privileged *(see, Broughton v State of New York,* 37 NY2d 451, 456-457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Saunsen v State of New York,* 81 AD2d 252, 253). Recovery for malicious prosecution is barred here because of the demonstrated absence of a termination of the contempt proceeding in Surrogate's Court in plaintiff's favor *(see, Broughton v State of New York, supra; Campion Funeral Home v State of New York,* 166 AD2d 32). Furthermore, plaintiff has submitted no evidence whatsoever to counter defendants' proof that the warrant issued in the Surrogate's Court proceeding was properly used to bring plaintiff before Surrogate's Court for purposes of compelling her to account. The absence of the necessary element of improper use of process after it was issued defeats plaintiff's abuse of process claim *(see, Curiano v Suozzi,* 63 NY2d 113, 117).

Finally, as to plaintiff's claim for treble damages pursuant to Judiciary Law § 487 (1) for the allegedly false and deceptive practices on the part of defendants in the proceedings before Surrogate's Court, this again relates to allegations that defendants made misrepresentations on jurisdictional and other

matters in those proceedings, and failed to disclose to Surrogate's Court the conflicts of interest of the Pappas & Russo firm in taking action against a former client. However, undisputably, plaintiff did fail to account and persisted in that failure notwithstanding her conceded receipt of a copy of the Surrogate's Court decision directing her to account and of a certified copy of the order entered thereon. Also undisputed is the fact that she disregarded the order to show cause on the contempt application and failed to appear on the return date. Under these circumstances, her cause of action under Judiciary Law § 487 (1) fails, as a matter of law, because her damages were entirely attributable to her own neglectful and contumacious behavior and not because of any acts of defendants (see, Brown v Samalin & Bock, 155 AD2d 407, 408, supra; Di Prima v Di Prima, 111 AD2d 901, 902).

We have reviewed plaintiff's remaining points on all of her appeals and find them equally without merit.

Mahoney, P. J., Weiss, Mercure and Harvey, JJ., concur. Ordered that the orders are affirmed, with costs.