■ In the Matter of the Estate of CRAIG R. GRIFFIN, Deceased. JACQUELINE MILLS, as Former Executrix of CRAIG R. GRIFFIN, Deceased, Appellant; DENNIS J. PAPPAS, as Executor of CRAIG R. GRIFFIN, Deceased, Respondent.—In a proceeding to compel Jacqueline Mills, as former executrix under the last will and testament of Craig R. Griffin, deceased, to file an account, Mills appeals from (1) an order of the Surrogate's Court, Nassau County (Radigan, S.), dated July 25, 1990, which compelled her to take and state the account and directed that a hearing be held on the matter, and (2) an order of the same court, dated July 25, 1991, which, after the hearing, directed her to pay a surcharge of $24,716.82 plus interest of 6% from March 18, 1981, until June 25, 1981, and 9% thereafter.

Ordered that the orders are affirmed, without costs or disbursements.

The facts of this case are summarized in *Mills v Pappas* (174 AD2d 780, *lv dismissed* 78 NY2d 1121, *cert denied* — US —, 112 S Ct 2957). After that case was decided, on July 25, 1990, the Surrogate scheduled a hearing for September 25, 1990, to take and state the account of Jacqueline Mills. At the hearing, the petitioner presented evidence indicating that the estate of Craig R. Griffin, which was valued at $111,509, had assets of only $86,792.18 when turned over by former executrix Mills to current executor Dennis J. Pappas in September 1982. Since Mills, who has been resisting accounting for this estate since 1982, had no explanation for the difference of $24,716.82, the court surcharged her in that amount, with interest of 6% from March 18, 1981, until June 25, 1981, and 9% thereafter.

On appeal, Mills contends, among other things, that the orders appealed from should be reversed because attorney Pappas suffered from a conflict of interest and perpetrated a fraud upon the court. Contrary to Mills' contentions, however, we find that Pappas owed no duty of loyalty to Mills that he breached or could breach by succeeding her as executor of Griffin's estate, merely by virtue of having acted as the estate's attorney for less than a year in 1980-1981. Rather, Pappas' duty of loyalty—at that time as the estate's attorney just as now as its executor-was to the *estate,* and not to Mills as executrix—particularly if, as would appear, Mills were improperly enriching herself at the estate's expense. There has also been no showing that Pappas behaved fraudulently or concealed material information from the court.

Mills' remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.