Carrie **COAKLEY** and Donald C. MacPherson, Plaintiffs,

v.

Michael **JAFFE,** Daniel I. Neveloff, Daniel Driscoll, in his official capacity as Suffolk County Assistant District Attorney and individually, Doe 1 in his official capacity as Suffolk County Assistant District Attorney and individually, Steven W. Heller and Doe 2, Defendants.

**No. 98 Civ. 2473 JSR.**

United States District Court, S.D. New York.

Nov. 1, 1999.

Patricia Ann Pollak Weiss, Sag Harbor, NY, for Carrie Coakley, Donald C. Mac-Pherson, plaintiffs.

Adam M. Jaffe, Office of Murray Richman, Bronx, NY, for Michael Jaffe, defendant.

Joseph J. Spofford, Jr., Carmel, NY, for Daniel I. Neveloff, defendant.

### MEMORANDUM ORDER

RAKOFF, District Judge.

On July 1, 1999, Michael Jaffe and Daniel I. Neveloff, the remaining defendants in this case, moved for summary judgment on plaintiffs' remaining claims, to wit, plaintiffs' claim against both defendants for false arrest under 42 U.S.C. § 1983 ("Section 1983"), plaintiffs' state law claim against both defendants for abuse of process, and plaintiffs' state law claim against defendant Jaffe for breach of contract.[1] In addition, defendant Jaffe moved for sanctions against plaintiffs and plaintiffs' counsel under Rule 11 of the Federal Rules of Civil Procedure. This Memorandum Order resolves these remaining matters.

*First,* the Court grants summary judgment in favor of the remaining defendants on plaintiffs' false arrest claim under Section 1983. Although a federal claim, false arrest under Section 1983 is interpreted in light of the common law of torts. *See Heck v. Humphrey,* 512 U.S. 477, 483, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Cameron v. Fogarty,* 806 F.2d 380, 386–88 (2d Cir.1986). The common law, both in New York and elsewhere, has long recognized that the tort of false arrest does not permit recovery for "confinement imposed pursuant to legal process." *Heck,* 512 U.S. at 484, 114 S.Ct. 2364 (*citing* W. Keeton et. al., *Prosser and Keeton on the Law of Torts* 888 (5th ed.1984)); *accord Singer v. Fulton County Sheriff,* 63 F.3d 110, 117 (2d Cir.1995); *Porterfield v. Lott,* 156 F.3d

---

1. All other claims against all parties were dismissed pursuant either to the Court's Memorandum Order of April 22, 1999 or to a stipulation of settlement filed on July 7, 1999. Familiarity with all prior proceedings in this action is here presumed.

563, 568 (4th Cir.1998); *Calero–Colon v. Betancourt–Lebron*, 68 F.3d 1, 3 (1st Cir. 1995); *Broughton v. State*, 37 N.Y.2d 451, 457–58, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975); *Montgomery Ward v. Wilson*, 339 Md. 701, 723–27, 664 A.2d 916 (1995); *see also Townes v. City of New York*, 176 F.3d 138, 149 (2d Cir.1999) (a § 1983 plaintiff who does not in effect allege the elements of a malicious prosecution claim cannot recover for false arrest);[2] *Jones v. Trump*, 971 F.Supp. 783, 788–89 (S.D.N.Y. 1997) (dismissing § 1983 false arrest claim because arrest was effectuated pursuant to a warrant); *Morales v. Busbee*, 972 F.Supp. 254, 266 (D.N.J.1997) (same).

▮ Applying this rule to the instant case, it is clear that plaintiffs' false arrest claim under Section 1983 must be dismissed, since plaintiffs now concede that their arrest was effected pursuant to legal process: specifically, a "regularly issued" warrant predicated on a grand jury's indictment, *see* Pl. Mem. Opp. Summ. Judg. at 2 n. 2; Affidavit of Thomas T. McVann, Jr., Esq. ¶ 5; *see also* Pl. Supp. Mem. Opp. Summ. Judg. at 3–4. A warrant predicated on grand jury action bars a false arrest claim, requiring the plaintiff to proceed instead under a theory of malicious prosecution, *see Tunia v. State*, 106 Misc.2d 601,

434 N.Y.S.2d 846, 849 (N.Y.Ct.Cl.1978), even if the defendants are not police officers or prosecutors. *Cf. Mills v. Pappas*, 174 A.D.2d 780, 570 N.Y.S.2d 726, 729 (3d Dep't 1991) (dismissing false arrest claim against private individuals because arrest was pursuant to a warrant); *Montgomery Ward*, 339 Md. 701 at 723–27, 664 A.2d 916 (same).[3]

▮ While it is true, as plaintiffs argue, that courts need not apply common law rules to Section 1983 claims if such rules conflict with federal statutory objectives, *see, e.g., Wyatt v. Cole*, 504 U.S. 158, 164, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992), the common law rules governing the torts of false arrest and malicious prosecution have never been thought to create such a conflict, but, instead, have repeatedly been applied in this circuit to analogous claims under Section 1983. *See, e.g., Townes*, 176 F.3d at 149; *Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir.1994); *Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir.1992). Since plaintiffs offer no compelling reason to depart from this practice—and since the common law precludes a claim for false arrest under these circumstances—the Court hereby grants summary judgment to defendants on plaintiffs' Section 1983 false arrest claim.[4]

---

**2.** As the Court previously ruled, plaintiffs have no viable claim for malicious prosecution because they cannot establish an essential element of such a claim: favorable termination of the criminal proceedings instituted against them. *See* Memorandum Order, April 22, 1999, at 4–7.

**3.** Plaintiffs have properly chosen not to rely on the occasional case that holds that a police officer may be held liable for false arrest despite the existence of a warrant if the officer intentionally made false statements or fabricated evidence material to the decision to issue the warrant. *See, e.g., Benjamin v. United States*, 554 F.Supp. 82, 86 (E.D.N.Y. 1982). Quite aside from contrary precedent—*see Jones*, 971 F.Supp. at 788 (holding that a plaintiff arrested pursuant to a warrant had no claim for false arrest despite his allegation that the warrant was "obtained through defendant's deliberate misrepresentations"); *see also Montgomery Ward*, 339 Md.

at 723–27, 664 A.2d 916 (noting that where a plaintiff is arrested pursuant to a warrant that was procured based on the defendant's false information, a claim for false arrest will not lie and plaintiff's sole recourse is an action for malicious prosecution)—the reasoning of cases like *Benjamin* does not extend to cases like this where the arrest warrants were the product of intervening grand jury deliberations and judicial actions that plaintiffs have failed to link to evidence provided by any particular defendant. Indeed, plaintiffs have not adduced any competent evidence that the defendants intentionally withheld or fabricated evidence or testimony that could have been material to the grand jury's decision to indict or to the concomitant decision to issue an arrest warrant.

**4.** In the very last line of their supplementary memorandum of law, plaintiffs make a last ditch effort to salvage their Section 1983 claim by stating that "[i]f the Court believes

■ *Second,* the Court, having dismissed plaintiffs' sole remaining federal claim, declines to exercise supplemental jurisdiction over plaintiffs' pendent state law claims for abuse of process and breach of contract. *See* 28 U.S.C. § 1367(c). Given the state's significant interest in adjudicating disputes relating to the abuse of its own legal process and the pendency of a state court action, filed prior to the instant federal case, in which plaintiffs have asserted a parallel breach of contract claim, *see* Def. Rule 56.1 Stmt. ¶¶ 13–14; Pl. Rule 56.1 Counterstatement ¶¶ 13–14, considerations of convenience, judicial economy and federalism counsel against exercising supplemental jurisdiction now that plaintiff's federal claims have been dismissed. *See Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *In re Merrill Lynch Ltd. Partnerships Litigation,* 154 F.3d 56, 61 (2d Cir.1998).

■ *Third,* the Court, resolving all doubts in favor of the parties facing sanctions, *see O'Malley v. New York City Transit Authority,* 896 F.2d 704, 706 (2d Cir.1990), denies defendant Jaffe's motion for sanctions against plaintiffs and plaintiffs' counsel under Rule 11 of the Federal Rules of Civil Procedure. As illustrated by the discussion *ante,* plaintiffs' legal and factual contentions in this case may have closely approached, but did not exceed, the limits established by Rule 11.

In summary and for the foregoing reasons, the Court grants judgment to defendants on plaintiffs' Section 1983 claim for false arrest, declines to exercise supple-

mental jurisdiction over plaintiff's remaining state law claims, and denies defendant Jaffe's motion for sanctions. This entire action is therefore dismissed. Clerk to enter judgment.

SO ORDERED.

---

that the better analogy is federal abuse of criminal process claim under § 1983, then plaintiffs request an opportunity for leave to amend the complaint to add that claim's name as well." Pl. Supp. Mem. at 16. Liberally construing this request as a motion to file a second amended complaint, the Court hereby denies the application. More than 18 months have elapsed since the initial complaint in this action was filed, more than 14 months have passed since plaintiffs' filed an Amended Complaint, and more than 6 months have passed since the Court dismissed

plaintiffs' malicious prosecution claims on analogous grounds to those stated here. Discovery has been concluded, and the parties have briefed and argued not only the instant summary judgment motion but two separate motions to dismiss. Under the circumstances, plaintiffs' utter failure to provide "a satisfactory explanation for [their] delay" in moving to amend, *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990), more than warrants denying plaintiffs the opportunity to further fish for some artful theory to fit their extended inferences.